## Case No. 9,550.

### Ex parte MILLER.

[1 N. Y. Leg. Obs. 38.]

District Court, S. D. New York. 1842.

BANKRUPTCY—PARTNERSHIP—JOINT CONTRACT—MUTUAL INTEREST—SHARING PROFITS.

1. Where a guarantee was endorsed on a bond in the following words, "We do jointly and severally guarantee the payment of the within bond, with interest and all proper charges thereupon accruing as fully as if the said bond had been executed by us," and the creditor had elected to prove his debt against the bankrupt as a separate debt, held, that the court have not the power to place it in the class of partnership debts, whatever may have been its origin.

2. A mere joint proprietorship of property on joint contract does not render the persons concerned copartners.

3. The partnership relationship, though not limited to mercantile transactions, necessarily depends upon a mutual interest between parties in the profit and loss of the concern, either by actually sharing profits or the expectation of so doing.

[On the part of the creditors of Edmund H. Miller, a bankrupt.]

This was a case arising from the exceptions to the assignee's report, and the questions submitted for the opinion of the court were: 1st. Whether a contract joint and several in its terms may be enforced as a several obligation against each party. 2d. Whether a joint and several obligation entered into by partners under seal must be regarded a partnership undertaking. 3d. Whether the language of the undertaking does not distinguish between the absolute obligations of the parties, and that which they assume as guarantors, being in the latter case joint and several, and in the former, several only.

Mr. Joachimssen, for bankrupt.
Mr. Marbury, for creditors.

BETTS, District Judge. I think there is no support to this last criticism in the language of the contract. The terms are: "We do jointly and severally guarantee the payment of the within bond with interest, and all proper charges thereupon accruing, as fully as if the said bond had been executed by us." This undertaking, made the 20th of September, was written on a bond executed the 27th of June preceding. If it be admitted that "guarantee" is the operative word of the contract, it would rather follow that the terms succeeding it to be construed in qualification or explanation of the scope and meaning of that undertaking than as setting up an independent and different one. That is, the guarantee, being joint and several, is to bind the parties the same as if the bond itself had been so executed by them; and it would be a strained reading, in this view of the object of the parties, to understand the pronoun ("us") as turning a joint and several stipulation into one solely joint. The more natural sense of the expression would be to give to what is called a "guarantee" the same character that would have attached to the obligation had the parties in the same way signed the bond itself. It is plain the obligors intended to join both their joint and several responsibility, and the stipulation to that, and give the undertaking the same effect, though written on the back of the bond, as if subscribed on its face.

The second point raised must be decided in the negative. A mere joint proprietorship of property or joint contract does not render the persons concerned co-partners. 3 Kent, Comm. 36, 39, 40. The partnership relationship, though not limited to mercantile trans-

actions, necessarily depends upon a mutual interest between the two parties in the profit and loss of the concern; either by an actual sharing of profits, or an expectation of them. 2 Kent, Comm. 24, 28; Story, Partn. 170; Colly. Partn. 8. The stipulation therefore by these obligators, if exclusively joint in its terms, would not constitute them partners, nor the contract a partnership engagement. Nor does the fact that the obligors were partners constitute the agreement a partnership contract. The question need not now be mooted whether a joint obligation entered into by partners in respect to matters out of the scope of the partnership can be enforced against the partnership effects to the exclusion of partnership creditors. The immediate point presented for decision is whether this contract, being several as well as joint, must be classed by force of the bankrupt act with partnership demands. This inquiry is solved by well settled rules of law expounding the influence of partnership associations upon the individual capacity of the separate members; for whatever diversity of decision may exist with respect to the remedy of creditors on contracts of partners joint in terms, which ought in equity to be several also (Sumner v. Powell, 2 Mer. 30), in regard to real property acquired with partnership funds, but which under the ordinary rules of law belongs to the partners separately (3 Kent, Comm. 37, 39; Colly. Partn. 342, 347), no question is ever raised but that one partner may bind himself to third persons in his individual capacity, and his undertaking become in every respect a separate contract (Owen, 285, 297). The above case of Sumner v. Powell, 2 Mer. 30, is an authority for looking beyond a bond which is joint in its terms to the consideration upon which it rests and the equities of parties to it, and if found to arise out of considerations several in their character to impose a several liability on the obligors. Owen, 292, 293.

The court will not now decide whether the creditor has an indefeasible right to regard this debt, it being several and joint in its form, as the one rule or the other at his option; nor, he having elected to prove his debt against the bankrupt as a separate debt, whether it is now in the power of the court to place it in the class of partnership debts, whatever may have been its origin. '13 Ves. 70; 1 Rose, 159; 2 Cox, 218; 2 Rose, 34; 5 Madd. 419. This point will be reserved until all the facts are before the court. The creditors are at liberty therefore to go to proofs, to show the liability of the bankrupt to the creditor to have been of a partnership character, and proceedings on the dividend will stay until the report of the commissioner and the judgment of the court thereon.

[See Case No. 9,556.]